UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARRY DAVIS; RITA-MARIE GEARY; PATTY POOLE; and ROBERTA WALLACH, on behalf of themselves and all others similarly situated, | ) ) ) ) ) |
| Plaintiffs | ) ) |
| v. | ) ) |
| NIRAV SHAH, individually and in his official capacity as Commissioner of the New York State Department of Health, | ) ) ) ) ) |
| Defendant | ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
FOR CLASS CERTIFICATION**

EMPIRE JUSTICE CENTER, INC.
1 West Main Street, Suite 200
Rochester, New York 14614
Telephone: (585) 454-4060

NATIONAL HEALTH LAW PROGRAM, INC.
101 East Weaver Street, Suite G-7
Carrboro, North Carolina 27510
Telephone:  (919) 968-6308

Bryan Hetherington, Esq.
bhetherington@empirejustice.org

Sarah Somers, Esq.
*Pro Hac Vice* Application Pending
ssomers@healthlaw.org

Jonathan Feldman, Esq.
jfeldman@empirejustice.org

Jane Perkins, Esq.
*Pro Hac Vice* Application Pending
perkins@healthlaw.org

Geoffrey Hale, Esq.
ghale@empirejustice.org

*Counsel for Plaintiffs*

## **PRELIMINARY STATEMENT**

Plaintiffs, Harry Davis, Rita-Marie Geary, Patty Poole, and Roberta Wallach bring this action on behalf of themselves and a class of needy New York State Medicaid recipients to compel the New York State Department of Health to cover medically necessary compression stockings and prescription footwear through the New York State Medicaid program. Named Plaintiffs suffer from a range of disabling conditions including multiple sclerosis, paraplegia, lymphedema, cellulitis, ankylosing spondylitis, psoriatic arthritis, osteoarthritis, scoliosis, peripheral neuropathy, and transmetatarsal amputation. The doctors treating each of the named Plaintiffs have found either orthopedic footwear or compression stockings medically necessary to control or remedy serious medical conditions and to prevent the potentially fatal and catastrophic consequences that will likely follow without these essential treatments.

The named Plaintiffs have been prevented from obtaining these medically necessary treatments from the Medicaid program, even with the prescriptions their doctors have written for them. As of April 1, 2011, Defendant has ceased covering medically necessary orthopedic footwear and compression stockings for all Medicaid beneficiaries who do not happen to have one of the few medical conditions that would qualify them for an exception. Medicaid will cover these medically necessary treatments only for those who meet one of the exceptions. All others must do without.

Early in 2011, the New York State Legislature enacted New York Soc. Serv. Law § 365-a(2)(g)(iii) and (iv), eliminating coverage of compression stockings and orthopedic footwear for all Medicaid recipients who do not meet one of a few statutorily prescribed exceptions based only on specific medical conditions. Defendant then promulgated a regulation, 18 N.Y.C.R.R. § 505.5(g)(1) and (2), to implement these new restrictions. The regulation expressly prohibits any

exceptions to the new limitations, no matter how severe the underlying condition or how dire the consequences of foregoing these treatments.  Defendant has also issued policy guidance in the form of Provider Updates for Pharmacy and DME Providers.  At no point did Defendant notify the recipients themselves of its change in policy.  Plaintiffs, who have had these items covered by Medicaid for years, confronted the harsh, new reality when they went to a supplier, prescription in hand, to obtain the compression stockings or orthopedic footwear.  Only then did they learn that Defendant would not cover them for Medicaid recipients in their condition.  Plaintiffs were turned away empty-handed, unaware of how and why the coverage had changed, unaware of available exceptions, and whether they had the right to a fair hearing.

Plaintiffs now challenge Defendant's new policy, regulation, and the underlying statute, and submit this memorandum in support of their motion pursuant to Fed. R. Civ. P. 23 (a) and (b) for certification of a class consisting of the following members:

> All current and future New York State Medicaid recipients who have had or will have coverage of medically necessary orthopedic footwear and compression stockings denied, delayed, disrupted, or reduced by Defendant directly or through his agents or assigns as a result of New York Soc. Serv. Law § 365-a(2)(g)(iii) and (iv) and regulations and policies promulgated thereto.

## ARGUMENT

### THE PROPOSED PLAINTIFF CLASS SHOULD BE CERTIFIED.

The proposed class satisfies the requirements of Fed. R. Civ. P. 23 (a) and (b). Class certification is essential to the fair and efficient adjudication of this case, and therefore Plaintiffs' motion should be granted. Courts in this Circuit routinely certify classes of Medicaid recipients in similar cases seeking to challenge a policy, custom, and practice relating to the availability of Medicaid-covered benefits. *See, e.g., Shakhnes ex rel. Shakhnes v.* Eggleston, 740 F. Supp. 2d 602 (S.D.N.Y. 2010) (right to notices, hearings, and timely administrative action for Medicaid

2

home care recipients); *Lovely H. v. Eggleston,* 235 F.R.D. 248 (S.D.N.Y. 2006) (violations of law protecting disabled recipients of public assistance); *Olson v. Wing*, 281 F. Supp. 2d 476 (E.D.N.Y. 2003) (right to notice and aide continuing prior to denials of Disaster Relief Medicaid services); *Alexander A. ex rel. Barr v. Novello*, 210 F.R.D. 27 (E.D.N.Y. 2002) (violations of the Medicaid Act and the ADA to compel timely placement in residential treatment facilities); *Reynolds v. Giuliani*, 118 F. Supp. 2d 352 (S.D.N.Y. 2000) (violations of federal rights for changes in food stamp and Medicaid procedures); *Henrietta D. v. Giuliani,* No. 95 CV 0641, 1996 WL 633382 (E.D.N.Y. 1996) (access to public benefits by people with AIDS or HIV-related illness); *Marisol A. v. Giuliani,* 929 F. Supp. 662 (S.D.N.Y. 1996), *aff'd ,* 126 F.3d 372 (2d Cir. 1997) (violations of law protecting children suffering or at risk of severe abuse and neglect); *Mayer v. Wing,* 922 F. Supp. 902 (S.D.N.Y. 1996) (violations of law governing home care services for Medicaid recipients); *Catanzano by Catanzano v. Dowling*, 847 F. Supp. 1070 (W.D.N.Y. 1994) (Larimer, Ch. J.) (unlawful reductions in home health care services).

## I.   THE CLASS IS SO NUMEROUS THAT JOINDER OF ALL MEMBERS IS IMPRACTICABLE.

Rule 23(a)(l) of the Federal Rules of Civil Procedure requires that the class be "so numerous that joinder of all members is impracticable." The numerosity requirement is satisfied when the class is numerous enough to make ordinary joinder of all members impractical. Impracticability means the difficulty or inconvenience of joinder, not the impossibility of joinder. *See Robidoux v. Celani,* 987 F.2d 931, 935 (2d Cir. 1993). The plaintiff is not obligated to identify the exact number of class plaintiffs. *Id.*  Generally, a class of as few as 40 members meets the numerosity requirement. *Consolidated Rail Corp. v. Town of Hyde Park,* 47 F.3d 473, 483 (2d Cir. 1995). That the exact size of the class and the identity of its members are not known is no barrier to class certification. *Id.* at 935 ("Courts have not required evidence of exact class

3

size or identity of class members to satisfy the numerosity requirement."); *Cortigiano v. Oceanview Manor Home for Adults,* 227 F.R.D. 194, 204 (E.D.N.Y. 2005); *Reynolds,* 118 F. Supp. at 389; 1 Herbert B. Newberg, *Newberg on Class Actions,* § 3.05 (3d ed. 1992). Moreover, the fluidity of the class supports class certification. *See Reynolds,* 118 F. Supp. 2d at 388.

Here, there are tens of thousands of Medicaid recipients each year whose doctors have identified or will identify prescription footwear or compression stockings as medically necessary. *See* Attorney Declaration of Geoffrey Hale ("Hale Decl.") at ¶¶ 6-12. Thus, tens of thousands of needy persons are adversely affected by Defendant's failures to cover orthopedic footwear and compression stockings for all who do not meet the statutorily prescribed exceptions. Given the impoverished conditions under which Plaintiffs and the Plaintiff class members exist, it is impracticable for them to each obtain legal representation for their individual claims, and such claims would unduly burden the judiciary. *Robidoux,* 987 F.2d at 936.

## II. THERE ARE QUESTIONS OF LAW AND FACT COMMON TO THE PLAINTIFF CLASS.

Rule 23(a)(2) of the Federal Rules of Civil Procedure requires that there be questions of law and fact common to the class. This requirement can be satisfied by the existence of even a single question of law or fact. *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2556 (2011). The claims of each individual need not be identical. *Cortigiano*, 227 F.R.D. at 205. The commonality requirement is satisfied where the "issues involved are common to the class as a whole," such that they "turn on questions of law applicable in the same manner to each member of the class." *Califano v. Yamasaki,* 442 U.S. 682, 701 (1979). Factual disparities, if any, regarding the effect of the challenged actions on class members are irrelevant to the determination that common questions exist. *Reynolds,* 118 F. Supp. 2d at 389-90; *see Port Auth. Police Benevolent Ass'n v. Port Auth. of N.Y. and N.J.*, 698 F.2d 150, 153-54 (2d Cir. 1983).

Nevertheless, highly generalized allegations will not do.  The Supreme Court has clarified that, to satisfy this factor, Plaintiffs must "demonstrate that the class members 'have suffered the same injury,'" *Wal-Mart Stores*, 131 S.Ct. at 2551 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982)), and that the claim "depend[s] upon a common contention" that "is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke" *Id.*, at 2545.  Thus, commonality requires "significant proof" that Defendant has "operated under a general policy [of prohibited behavior]." *Id.*, at 2553.  It is the "uniform practice" of such a policy, rather than behavior subject to individualized discretion, that satisfies the commonality requirement. *See Wal-Mart Stores*, 131 S.Ct. at 2553-54.  "Where [. . .] a plaintiff alleges injury from a common policy, the commonality requirement is met." *Romano v. SLS Residential Inc.,* 246 F.R.D. 432, 444 (S.D.N.Y. 2007).  Indeed, "[c]ommonality is assumed where the plaintiff seeks declaratory relief as opposed to individual relief." *Cortigiano,* 227 F.R.D. at 205.

In the instant case, commonality is met, because Plaintiffs challenge Defendant's policy, as articulated in its various Provider Updates for Pharmacy and DME Providers, 18 N.Y.C.R.R. § 505.5(g)(1) and (2), and N.Y. Soc. Serv. Law § 365-a(2)(g)(iii) and (iv), denying coverage of medically necessary compression stockings and orthopedic footwear for categorically needy Medicaid beneficiaries.  The common questions of law, then, are:

   a. Whether Defendant's policy violates its obligations under the federal Medicaid Act;

   b. Whether Defendant's policy violates its obligations under the ADA and Section 504 of the Rehabilitation Act to provide services in the most integrated setting; and

   c. Whether Defendant's policy to deny orthopedic footwear and compression stockings without notice and without providing Plaintiffs an opportunity to contest the denials

5

violates the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution and Plaintiffs Due Process rights under the Medicaid Act.

Federal laws and regulations require States participating in the Medicaid program to provide durable medical equipment such as orthopedic footwear and compression stockings as part of the home health benefit mandatory for all categorically needy Medicaid recipients. 42 U.S.C. § 1396a(a)(10)(D); 42 C.F.R. §§ 440.70(a)(1) and (b)(3); 42 C.F.R. § 441.15(a)(3). The Medicaid Act requires that "The medical assistance made available to any [categorically needy] individual … shall not be less in amount, duration or scope than the medical assistance made available to any other such individual." 42 U.S.C. § 1396a(a)(10)(B)(i). Thus, services made available to any categorically needy individual must be made available to all categorically needy individuals. A State also may not impose arbitrary limitations on mandatory services such as home health services based solely on diagnosis, type of illness, or condition. 42 C.F.R. § 440.230(c). Furthermore, the Due Process Clause of the Fourteenth Amendment prohibits states from denying, reducing, or terminating Medicaid services without due process of law. The Constitutional right includes the right to meaningful notice prior to the termination of Medicaid benefits, continued benefits pending a pre-termination hearing, and a fair and impartial pre-termination hearing. *Goldberg v. Kelly*, 397 U.S. 254 (1970). Federal laws and regulations also require States participating in the Medicaid program to provide advance written notice to recipients of any action affecting his or her claim, including a description of when a fair hearing is available to contest the claim. 42 U.S.C. § 1396a(a)(3); 42 C.F.R. §§ 431.206(c)(2) and 431.220(a)(2).

Each of the proposed class members suffers from a medical condition for which their doctors have found either orthopedic footwear or compression stockings to be medically

6

necessary.  Proposed class members have been unable to obtain these medically necessary treatments by the operation of New York Soc. Serv. Law 365-a(2)(g)(iii) and (iv), Defendant's regulation 18 N.Y.C.R.R. § 505.5(g)(1) and (2), and Defendant's policy denying coverage of medically necessary orthopedic footwear and compression stockings for all those Medicaid recipients who do not meet one of the statutorily prescribed exceptions based solely on medical condition.  Defendant's failure to cover medically necessary orthopedic footwear and compression stockings places class members at risk of unnecessary hospitalization and institutionalization in violation of the Americans with Disabilities Act, 42 U.S.C. § 12131-12134, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), which prohibit discrimination on the basis of disability, require that services be made available in the community rather than institutions, where to do so meets the needs of qualified individuals with disabilities, and require that reasonable modifications be made to state programs to avoid discrimination on the basis of disability.

All proposed class members are affected in the same way by the application of Defendant's policy:  they are denied medically necessary care that the Federal Medicaid Act makes mandatory upon the States and are not provided advanced written notice of the action or the opportunity to contest the denial in a fair hearing.  The extent to which Defendant's policy violates its obligations under the Federal Medicaid Act, the ADA, Section 504, and the Fourteenth Amendment to the U.S. Constitution stands at the core of this litigation.  These violations apply equally to all class members.  Plaintiffs seek uniform declaratory and injunctive relief for themselves and all class members alike finding Defendant's policy, regulation, and New York Soc. Serv. Law 365-a(2)(g)(iii) and (iv), illegal and enjoining Defendant from

7

enforcing its policy and the statute.  Such relief would resolve Plaintiffs' and Plaintiff class members' claims "in one stroke." *Wal-Mart Stores*, 131 U.S. at 2545.

The requirements of commonality under Fed. Rule Civ. P. 23 (a)(2) are therefore met.

### III.     THE CLAIMS OF THE NAMED PLAINTIFFS ARE TYPICAL OF THE CLAIMS OF THE PLAINTIFF CLASS.

The typicality requirement of Fed. R. Civ. P. 23 (a)(3) is met here, because the claims of the named plaintiffs arise from the same illegal conduct by Defendant as do those of the proposed class members. *Marisol A. v. Giuliani,* 126 F.3d 372, 376 (2d Cir. 1997). Typicality "requires that the disputed issue of law or fact occupy essentially the same degree of centrality to the named plaintiff's claim as to that of other members of the proposed class." *Romano*, 246 F.R.D. at 445.  This requirement ensures that "maintenance of a class action is so economical and [that] the named plaintiff's claims and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Id.* (citation omitted). Like the commonality requirement, typicality does not require the representative party's claims to be identical to those of all class members. *Cortigiano,* 227 F.R.D. at 206 ("slight variations in how defendants treated different plaintiffs . . . [do] not render the claims atypical"). The legal theories underlying these claims are identical for both the named plaintiffs and the class, and all class members "would benefit from the named plaintiff's action." *Id.*

Defendant has failed to cover medically necessary orthopedic footwear and compression stockings in the same way for each of the named Plaintiffs and all proposed class members. Defendant has equally denied Plaintiffs and proposed class members notice of, and the opportunity to contest, the denials.  The proposed remedy would benefit Plaintiffs and proposed class members alike in the same way.  Class certification would also maximize the available

8

legal resources and appropriately provide for uniform redress of Plaintiff's common grievances against defendant.

### IV. THE NAMED PLAINTIFFS WILL FAIRLY AND ADEQUATELY PROTECT THE INTERESTS OF THE PLAINTIFF CLASS.

Rule 23(a)(4) of the Federal Rules of Civil Procedure allows a class action to be maintained if: (1) class counsel are qualified, experienced and generally able to conduct the litigation; and (2) the interests of the named plaintiffs are not antagonistic to those of the remainder of the class. *Marisol,* 126 F.3d at 378; *Reynolds,* 118 F. Supp. 2d at 390. Both elements of Rule 23(a)(4) are satisfied here.

First, counsel for Plaintiffs and the proposed Plaintiff class are very experienced in class action litigation in federal and state courts, including matters relating to Medicaid, the Americans with Disabilities Act, and Constitutional protections. Hale Decl. ¶ 24. Counsel for Plaintiffs have litigated dozens of class action lawsuits involving public benefits, Medicaid, and the ADA, many in the Western District of New York. As in past cases, counsel will prosecute this action vigorously and competently. Accordingly, Plaintiffs will fairly and adequately protect the interests of the class in this action.

Second, the interests of the named Plaintiffs and the Plaintiff class members are entirely coextensive. The legal claims of the named plaintiffs arise from the same illegal conduct of defendants applicable to the entire class; accordingly, the proposed class representatives "possess sufficient interest to pursue vigorous prosecution of their claims." *Cortigiano,* 227 F.R.D. at 207. The named Plaintiffs and Plaintiff class members seek declaratory and injunctive relief to enjoin Defendant, his agents, or assigns from implementing N.Y. Soc. Serv. L. § 365-a(2)(g)(iii) and (iv), 18 N.Y.C.R.R. § 505.5(g)(1) and (2), and Defendant's written policies to deny coverage for medically necessary orthopedic footwear and compression stockings for all those Medicaid

recipients who do not meet one of the statutorily prescribed exceptions without the opportunity to contest the denals.  Such a request does not present conflicts between or among class members; all members of the proposed class will benefit equally from the elimination of Defendant's policy.

      **V.    THIS ACTION MEETS THE REQUIREMENTS OF RULE 23(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

The proposed class meets the criteria for certification set forth in Rule 23(b)(2). Rule 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Here, Defendant's conduct or failure to act is generally applicable to the class in that Defendant's policy to deny coverage of medically necessary orthopedic footwear and compression stockings without notice and without the opportunity to contest the denial impacts each class member in the same way and is thus applicable to all class members and the class as a whole.  Furthermore, declaratory and injunctive relief is appropriate for all class members and the entire class as a whole. *See Ray M. by Juana D. v. Board of Educ.,* 884 F. Supp. 696, 707 (E.D.N.Y. 1995); *Brown,* 158 F.R.D. at 269; *Rocky Ford Hous. Auth. v. United States Dep't of Agric.,* 427 F . Supp. 118, 126-27 (D.D.C. 1977.  "[S]ubdivision (b)(2) was added to *Rule 23* in 1966 in part to make it clear that civil-rights suits for injunctive or declaratory relief can be brought as class actions."  7A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure*, § 1776 (3d ed. 2005).  "As such, civil rights actions" – such as this one alleging systemic violations of Federal laws, regulations, and the U.S. Constitution – "are frequently granted class action status under Rule 23(b)(2)." *Shakhnes*, 740 F. Supp. 2d at 628, citing cases.

10

Certification under Rule 23(b)(2) is thus appropriate in this case: Defendant has violated the Federal Medicaid Act, the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and the Fourteenth Amendment to the U.S. Constitution by failing to cover Plaintiffs' medically necessary orthopedic footwear and compression stockings without notice and without the opportunity to demonstrate individualized medical need. Defendant's violations affect equally the named Plaintiffs and every other Medicaid beneficiary whose physicians have found or will find these items to be medically necessary. Defendant thus has acted in a way generally applicable to each and every class member such that injunctive and declaratory relief would benefit the class as a whole.

Plaintiffs seek class-wide declaratory and injunctive relief to force Defendant to comply with constitutional, statutory, and regulatory law. Any order entered by this court would, by its terms, benefit all members of the Plaintiff class. Class certification is therefore appropriate under Rule 23(b)(2).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that a class be certified pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure.

Dated: Rochester, New York
      March 14, 2012

                      Respectfully Submitted,

                      Empire Justice Center
                      1 West Main Street, Suite 200
                      Rochester, New York 14614
                      Telephone: (585) 454-4060

                      /s/ Bryan Hetherington
                      Bryan Hetherington, Esq.
                      bhetherington@empirejustice.org

/s/ Jonathan Feldman
Jonathan Feldman, Esq.
jfeldman@empirejustice.org

/s/ Geoffrey Hale
Geoffrey Hale, Esq.
ghale@empirejustice.org


National Health Law Program, Inc.
101 East Weaver St., Suite G-7
Carrboro, North Carolina 27510
Telephone:  (919) 968-6308

/s/ Jane Perkins
Jane Perkins, Esq.
*Pro Hac Vice* Application Pending
perkins@healthlaw.org

/s/ Sarah Somers
Sarah Somers, Esq.
*Pro Hac Vice* Application Pending
ssomers@healthlaw.org

*Counsel for Plaintiffs*

12