UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| HARRY DAVIS; RITA-MARIE GEARY; PATTY POOLE; and ROBERTA WALLACH, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs | ) ) | **ATTORNEY DECLARATION IN SUPPORT OF CLASS CERTIFICATION** |
| v. | ) ) | |
| NIRAV SHAH, individually and in his official capacity as Commissioner of the New York State Department of Health, | ) ) ) ) ) | |
| Defendant | ) ) | |

Geoffrey Hale subscribes as true under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1.      I am an attorney duly admitted to the Bars of the State of New York and the United States District Court for the Western District of New York.  I am a Staff Attorney at the Empire Justice Center.  I am one of the attorneys for Plaintiffs and the proposed Plaintiff class.  I am fully familiar with the facts herein.

2.      I make this declaration in support of Plaintiffs' Motion for Class Certification.

3.      This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation of statutory and constitutional rights, and under the Supremacy Clause of the United States Constitution, art. VI, cl. 2, to challenge:

a.   Defendant's failure to provide medically necessary compression stockings and orthopedic footwear in violation of Federal laws and regulations; and

b.   Defendant's failure to provide Plaintiffs with notice of its determinations not to cover their medically necessary orthopedic footwear and compression stockings and an opportunity for Plaintiffs to contest the denials in violation the Due Process clause of the Fourteenth Amendment to the U.S. Constitution and federal laws and regulations.

4.     The proposed class is composed of the following members:

All current and future New York State Medicaid recipients who have had or will have coverage of medically necessary orthopedic footwear and compression stockings denied, delayed, disrupted, or reduced by Defendant directly or through his agents or assigns as a result of New York Soc. Serv. Law § 365-a(2)(g)(iii) and (iv).

## FACTS SUPPORTING CLASS CERTIFICATION UNDER FED. R. CIV. P. 23(A)

**A.     Numerosity**

5.     Rule 23(a)(1) of the Federal Rules of Civil Procedure requires that the class be "so numerous that joinder of all members is impracticable."

6.     Upon information and belief, there are tens of thousands of Medicaid recipients each year whose doctors find orthopedic footwear or compression stockings medically necessary, and who will now be denied these treatments simply because they do not happen to meet one of the few statutorily defined exceptions.

7.     The New York State Department of Health (hereinafter "DOH") estimates the savings from the elimination of coverage for compression stockings for all but two statutorily prescribed exceptions to be $1.07 million in the first year.

http://www.health.ny.gov/health_care/medicaid/redesign/docs/approved_proposals.pdf.

*See also*:

http://www.health.ny.gov/health_care/medicaid/redesign/descriptions_of_recommendations.pdf, p. 64.

8.      According to the NYS Medicaid DME Services Fee Schedule, the Medicaid

reimbursement rate for these compression stockings is either $18.88 or $26.96.

9.      At that rate, the Medicaid Redesign Team responsible for developing the proposal to

eliminate coverage for compression stockings must have anticipated roughly 40,000

individuals would require compression stockings at some point during the year.

10.     According to the MRT description of Proposal Number 30 concerning the limitation of

coverage for orthopedic footwear, the state processed 40,000 paper applications for

footwear in 2009 and in 2010.

http://www.health.ny.gov/health_care/medicaid/redesign/descriptions_of_recommendations.pdf, p. 64.

11.     Similarly, DOH estimates savings from the elimination of coverage for orthopedic

footwear for all but a few statutorily prescribed exceptions at roughly $7.35 million a

year.  *Id.*

12.     According to the NYS Medicaid DME Services Fee Schedule, the Medicaid

reimbursement rates for orthopedic footwear for adults vary from $32.50 to $90 for each

shoe.

13.     Even taking the most conservative estimate, DOH must have anticipated at least 40,000

individuals who would need orthopedic footwear at some point during the year.

14.     Thus, the class is clearly so numerous that it would be impracticable to join all members

of the class in the case. Fed. R. Civ. P. 23(a)(1).

**B.      Common Questions of Law or Fact**

15.     Rule 23(a)(2) of the Federal Rules of Civil Procedure requires that there be questions of

law and fact common to the class.

16.     As set forth in the attached Memorandum of Law, under Federal Medicaid law, each state

participating in the Medicaid program must provide home care services to, at a minimum,

categorically needy Medicaid recipients.  Home care includes medical supplies,

equipment, and appliances suitable for use in the home.  42 U.S.C. § 1396a(a)(10)(D); 42

C.F.R. §§ 440.70(a)(1) and (b)(3); 42 C.F.R. § 441.15(a)(3).

17.     Plaintiffs also allege Defendant's policy, regulation, and New York Soc. Serv. L. § 365-

a(2)(g)(iii) and (iv) violate its obligations under the Americans with Disabilities Act,

Section 504 of the Rehabilitation Act, and Plaintiffs' due process rights under the

Fourteenth Amendment to the U.S. Constitution.

18.     There are thus numerous questions of fact and law common to the class, and the

questions of whether Defendant violates the rights of class members under Federal

Medicaid law, the ADA, Section 504, and the Fourteenth Amendment to the U.S.

Constitution are central to the claims of each named Plaintiff and each class member.


**C.      Typicality**

19.     Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that the claims of the class

representatives be typical of the claims of the class.

20.     Each of the named Plaintiffs is a categorically needy Medicaid recipient.

21.     As set forth in the attached Memorandum of Law, under Federal Medicaid law, each state

participating in the Medicaid program must provide home care services to, at a minimum,

categorically needy Medicaid recipients.  Home care includes medical supplies,

equipment, and appliances suitable for use in the home.  42 C.F.R. §§ 440.70(a)(1) and (b)(3); 42 C.F.R. § 441.15(a)(3).

22.     The doctors for each of the named Plaintiffs have determined that either compression stockings or orthopedic footwear is medically necessary, and have issued prescriptions to the named Plaintiffs to obtain these items.

23.     Each of the named Plaintiffs has been unable to obtain these medically necessary items as a result of New York Soc. Serv. Law 365-a(2)(g)(iii) and (iv), Defendant's regulation 18 N.Y.C.R.R. § 505.5(g)(1) and (2), and Defendant's practice and policy of not covering the costs of orthopedic footwear and compression stockings for all those who do not meet one of the statutorily prescribed exceptions.

24.     Defendant has failed to notify each of the named Plaintiffs of its decisions not to cover their medically necessary orthopedic footwear and compression stockings, and in so doing has also failed to notify each of the named Plaintiffs of his or her right to request a fair hearing to contest the denials in violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution and federal laws and regulations.

**D.      Fair and Adequate Representation of the Class**

25.     Rule 23(a)(4) of the Federal Rules of Civil Procedure allows a class action to be maintained if the named plaintiffs will fairly and adequately protect the interests of the class. Two elements are incorporated into this requirement: (1) class counsel must be qualified, experienced, and generally able to conduct the litigation; and (2) the interests of the named plaintiffs cannot be antagonistic to those of the remainder of the class. *Marisol A. v. Giuliani*, 126 F.3d 372, 378 (2d Cir. 1997).

26.     The proposed class is represented by attorneys Bryan Hetherington, Jonathan Feldman, and Geoffrey Hale of the Empire Justice Center, and Sarah Somers and Jane Perkins of the National Health Law Program.  Plaintiffs' attorneys have experience in constitutional law, the law governing Medicaid, and class action litigation.  Plaintiffs' counsel has litigated dozens of class actions in this District and other courts within this Circuit.[1]

27.     As described above, the interests of the named plaintiffs and the class members are entirely coextensive, as they arise out of the same illegal conduct by Defendant.

28.     The named Plaintiffs and Plaintiff class members seek declaratory and injunctive relief to force Defendant to comply with constitutional, statutory, and regulatory law. Any order entered by this Court would, by its terms, benefit all members of the plaintiff class.

29.      Such relief would benefit all class members and does not present conflicts among class members.

## FACTS SUPPORTING CLASS CERTIFICATION UNDER FED. R. CIV. P. 26(B)(2)

30.     Plaintiffs seek injunctive and declaratory relief and therefore seek to certify the class under Fed. R. Civ. P. Rule 23(b)(2), which authorizes class certification where a defendant has "acted or refused to act on grounds that apply generally to the class, so that

---

[1]  *See e.g., J.G. by Mrs. G. v. Board of Education of Rochester City School District*, 648 F.Supp. 1452 (W.D.N.Y. 1986), *aff'd,* 830 F.2d 444 (2ᵈ Cir. 1987); *Catanzano v. Wing*, 992 F.Supp. 593, (W.D.N.Y. 1998), *aff'd in part, vacated in part*, 103 F.3d 223 (2d Cir. 1996); *Doe by Doe v. Perales*, 782 F.Supp. 201 (W.D.N.Y. 1991); *Withey v. Perales*, 752 F.Supp. 569 n.2 (W.D.N.Y. 1990), *aff'd,* 920 F.2d 156 (2ᵈ Cir. 1990); *Jackson by Forrest v. Mullany*, 708 F.Supp. 483 (N.D.N.Y. 1989); *Schisler v. Heckler*, 107 F.R.D. 609, (W.D.N.Y. 1984), *affirmed as to class*, 787 F.2d 76, 78 (2ᵈ Cir. 1986); *Bradford v. Blum*, 507 F.Supp. 526, 531, (S.D.N.Y. 1981); *George v. Parry*, 77 F.R.D. 421, (S.D.N.Y. 1978), *aff'd,* 578 F.2d 1367 (2ᵈ Cir. 1978); *Hurley v. Toia*, 432 F.Supp. 1170 (S.D.N.Y. 1977), *aff'd,* 573 F.2d 1291 (2ᵈ Cir. 1977).

final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

31.   As the data cited herein illustrates, Defendant's failure to cover medically necessary orthopedic footwear and compression stockings without notice and without an opportunity to contest the denials affects tens of thousands of New York Medicaid recipients. To remedy these failures, Plaintiffs seek declaratory and injunctive relief requiring defendant, *inter alia*, to comply with Federal laws and regulations requiring coverage home health care for categorically needy Medicaid recipients.

WHEREFORE, for all of the foregoing reasons, I respectfully request that this Court certify the class in this action pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure.

Dated: Rochester, New York
         March 14, 2012

s/ Geoffrey A. Hale_____
Geoffrey A. Hale, Esq.
