UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HARRY DAVIS, et al.,

                    Plaintiffs

-vs-

NIRAV SHAH, individually and in his official
capacity as Commissioner of the New York
State Department of Health,

                    Defendant

DECISION AND ORDER

12-CV-6134 CJS

_____

APPEARANCES

For Plaintiffs:
Bryan D. Hetherington, Esq.
Geoffrey A. Hale, Esq.
Jonathan Feldman, Esq.
Empire Justice Center
One West Main Street, Suite 200
Rochester, New York 14614

Martha J. Perkins, Esq.
National Health Law Program
101 E. Weaver Street, Suite G-7
Carrboro, North Carolina 27510

Sarah J. Somers, Esq.
National Health Law Program
200 N. Greensboro Street, Suite D-13
Carrboro, North Carolina 27510

For Defendant:
J. Richard Benitez, A.A.G.
Office of the New York State
Attorney General
144 Exchange Boulevard, Suite 200
Rochester, New York 14614

INTRODUCTION

This was an action brought by Medicaid recipients to challenge provisions of New York State Social Services Law, concerning coverage for prescription footwear and compression stockings. On July 1, 2016, the Court issued a stipulated Order awarding declaratory and permanent injunctive relief to Plaintiffs (Docket No. [#51]), and the parties have stipulated that Plaintiffs were the prevailing parties in the underlying action.[1] Now before the Court is Plaintiff's application [#52] for attorneys' fees, which Defendant is opposing in part. The application is granted.

BACKGROUND

The reader is presumed to be familiar with the underlying facts of this case, as discussed in lengthy prior Decisions and Orders from this Court and from the Second Circuit Court of Appeals. *See, e.g., Davis v. Shah*, 12-CV-6134, 2013 WL 6451176 (W.D.N.Y. Dec. 9, 2013), *aff'd in part, vacated in part, and remanded, Davis v. Shah*, 821 F.3d 231 (2d Cir. 2016). It is sufficient to note that this was a complicated class action, involving challenges to the New York Medicaid statute under four different sections of the federal Medicaid Act (Title XIX of the Social Security Act), as well as additional challenges under Title II of the Americans With Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Section 504").

As the "prevailing parties" within the meaning of 42 U.S.C. § 1988 and 42 U.S.C. § 12205, Plaintiffs have applied for an award of attorneys' fees. Plaintiffs seek a total combined award of attorney's fees and costs in the amount of $ 397,609.08.

Movants are seeking payment for work performed by six attorneys and one paralegal. The six attorneys are Bryan Hetherington ("Hetherington"), Trilby DeJung ("DeJung"), Jonathan Feldman ("Feldman"), Geoffrey Hale ("Hale"), Jane Perkins ("Perkins") and Sarah Somers ("Somers"). The paralegal is Amanda Gallipeau ("Gallipeau"). At all relevant times Hetherington, DeJung, Feldman, Hale and Gallipeau were associated with the Empire Justice Center, a public interest law firm. Hetherington, DeJung, Feldman and Hale have been practicing law for 41 years, 30 years, 28 years, and 7 years, respectively. Gallipeau has been employed as a paralegal for the Empire Justice Center for 7 years. At all relevant times, Perkins and Somers were associated with the National Health Law Program, a non-profit organization comprised of attorneys and health law policy analysts. Perkins and Somers have been practicing law for 34 years and 24 years, respectively. All of the aforementioned attorneys have significant expertise in the field of health care law and/or disability law. Somers and Perkins practice exclusively in the field of health care law.

Movants maintain that the following hourly rates are reasonable under the circumstances of this action:

| | |
|---|---|
| Hetherington, DeJung, and Perkins: | $375/hr |
| Feldman and Somers: | $350/hr |
| Hale: | $260/hr |
| Gallipeau: | $115/hr |

Movants contend that the aforementioned hourly rates are reasonable in light of their experience and the complexity of this action. Regarding the complexity of the action,

---

[1]*See*, Stipulation and Order Concerning Attorneys' Fees [#46].

Movants describe the field of medicaid litigation as "notoriously complex."[2] Movants have submitted supporting affidavits and *curricula vitae* listing their academic and professional achievements in the field of public interest health care law, which are vast.

Movants have also submitted an affidavit from Rene H. Reixach, Jr., ("Reixach"), a partner at Woods Oviatt Gilman LLP, in the firm's Elder Law and Health Care Practice Group. Reixach has been practicing law since 1972 and is familiar with billing rates charged by law firms for litigation services in Western New York. Reixach opines that the Empire Justice Center "is the premier firm in Rochester for bringing complex civil litigation on behalf of low-income [persons]," and that the National Health Law Program "is the preeminent public sector law firm in the nation on issues involving the Medicaid program."[3] Reixach further indicates that the hourly rates being requested by Movants are "very reasonable for attorneys of their skills, knowledge, experience and reputation," and that they are in fact "comparable to and even lower than rates charged by other law firms" in Rochester and Buffalo.[4] Finally, regarding the complexity of the subject action and its relation to the requested rates, Reixach states:

> The Medicaid statute, and its implementing regulations and policy directives, is as complex as the tax code, or more so. It has been described by federal courts as 'among the most intricate [statutes] ever drafted by Congress,' 'unintelligible to the uninitiated,' 'a virtually impenetrable thicket of legalese and gobbledygook, an 'aggravated assault on the English language, resistant to attempts to understand it, and a 'Serbonian bog.' Counsel who have mastered the intricacies of the Medicaid statute have a highly specialized expertise that justifies the requested hourly rates reflective of the rates for attorneys handling other

---

[2] Hale Declaration at ¶ 71.
[3] Reixach Affidavit at ¶ ¶ 4-5.
[4] Reixach Affidavit at ¶ 20.

4

complex and sophisticated litigation.

Reixach Aff. ¶ 12.

Movants have also submitted detailed, contemporaneous time records for each attorney/paralegal. Applying the proposed rates set forth earlier to the number of hours billed by each attorney/paralegal, Movants calculate the requested fees as follows:

    Hetherington: 188.1 hours x $375 = $70,537.50
    DeJung: 32.5 hours x $375 = $12,187.50
    Perkins: 192.1 hours x $375 = $72,037.50
    Feldman: 140 hours x $350 = $49,000.00
    Somers: 26.7 hours x $325 = $8,677.50
    Hale: 668.2 hours x $260 = $173,732.00
    Gallipeau: 82.9 hours x $115 = $9,533.50

The total request for fees is $395,705.50. The total request for disbursements is $1,903.58. The combined request for attorney's fees and disbursements is $397,609.08.

Defendant maintains that the demand should be reduced. More specifically, Defendant objects to two aspects of the fee request: Hourly rates and number of hours billed. With regard to number of hours billed, Defendant points out that the final stipulated Order [#51] granting permanent declaratory and injunctive relief to Plaintiffs came only after an aspect of this Court's ruling on summary judgment [#39] was appealed to the Second Circuit Court of Appeals. Defendant maintains that the hours which Plaintiffs' counsel billed in connection with that appeal "arguably reflect duplicative research and argument," meaning that Plaintiffs' counsel may be attempting to charge for work on the appeal that is duplicative of work they performed before this Court. However, Defendant does not assert that Plaintiffs' counsel *actually* billed twice

5

for the same work, nor has he flagged any particular time entry as being excessive. Rather, Defendant merely asserts that, "*[t]o the extent that* the plaintiff's legal research and arguments were duplicative[,] . . . an across the board 10% reduction [in the number of hours] is warranted." Def. Response [#54] at p. 3 (emphasis added).

Defendant also opposes the proposed hourly rates. However, Defendant's submission [#54] specifically objects only to the rates proposed by Hetherington, DeJung, Feldman and Hale, whose rates he contends should be reduced to $350/hr, $350/hr, $305/hr and $185/hr, respectively.[5] Defendant contends that these rates are appropriate here, since they are the same rates that were recently approved for these same attorneys in the case of *Myers v. Bd. of Educ. of the Batavia City Sch. Dist.*, 13-CV-342S, 2016 WL 4642920 (W.D.N.Y. Sep. 7, 2016) ("*Myers*"). Defendant also cites other cases suggesting that in general, courts in the Western District have approved hourly rates that are lower than those being requested.

Whether intentionally or not, Defendant's submission does not mention the rates requested by Somers, Perkins or Gallipeau, and accordingly those proposed rates are unopposed.[6] Defendant also has not challenged the amount that Movants are seeking for costs and disbursements.

---

[5] Defendant's Response Memo of Law [#54] at p. 2.

[6] Plaintiffs contend that Defendant's failure to mention the rates proposed by Perkins and Somers logically undercuts his opposition to the rates requested by Hetherington, DeJung and Feldman, stating: "Because Ms. Perkins' level of experience falls within the same tier as Bryan Hetherington and Trilby DeJung, and because Ms. Somers' level of experience falls within the same tier as Jonathan Feldman, the Defendant's concession regarding Perkins' and Somers' rates logically means that Hetherington, De Jung and Feldman's rates are reasonable, as well." Pl. Reply Memo [#55] at p. 2.

6

DISCUSSION

Movants are seeking an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 12205. "In calculating attorney's fees, the district court must first determine the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case— which creates a presumptively reasonable fee." *Stanczyk v. City of N.Y.*, 752 F.3d 273, 284 (2d Cir. 2014) (*quoting Millea v. Metro–N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir.2011) (internal quotation marks omitted). "The district court then has discretion to reduce the lodestar to reflect the degree of success achieved at trial." *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434-35, 103 S.Ct. 1933 (1983)). "In setting the reasonable hourly rate, courts should bear in mind case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorney's fees. These include, among others the *Johnson*[7] factors." *Gortat v. Capala Bros., Inc.*, 621 F. App'x 19, 22 (2d Cir. 2015) (citations and internal quotation marks omitted). The twelve *Johnson* factors are as follows:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

---

[7]Referring to *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-719 (5th Cir. 1974).

*K.L. v. Warwick Valley Cent. Sch. Dist.*, 584 F. App'x 17, 18, n. 2 (2d Cir. 2014) (*quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections*, 522 F.3d 182, 186 n. 3 (2d Cir. 2008)).

Applying these principles, the Court finds that Movants are entitled to the full amount of $397,609.08, for attorney's fees and disbursements, that they have requested. *See*, Hetherington Decl. [#52-4] at ¶ ¶ 41-43 (describing calculation of lodestar) & Exhibit C (spreadsheet) and Hale Reply Declaration, Ex. B [#55-1] at p. 12 (setting forth additional time expended since February 2017). In arriving at this lodestar figure the Court has used the hourly rates proposed by Movants, which are reasonable under the particular facts of this case: Hetherington, DeJung and Perkins: $375/hr; Feldman $350/hr; Somers $325/hr; Hale $260/hr; and Gallipeau $115/hr.

In determining that these rates are reasonable, the Court has considered the *Johnson* factors, including the novelty and difficulty of the questions presented in this action, the level of skill required to perform the legal service properly, and the experience, reputation, and ability of the attorneys. This case presented complex issues of Medicaid law and disability law,[8] and Plaintiffs' counsel are experienced and well-respected practitioners in those areas. The Court also credits the Reixach affidavit, which indicates that these rates are reasonable, and, in fact, slightly below market rate, for upstate New York.

Although Defendant has argued that slightly lower hourly rates should be applied to Hetherington, DeJung, Feldman and Hale, the case authorities upon which he relies

---

[8]The Second Circuit's decision in this case, which was issued fifteen months after oral argument, is 29 pages in length when printed from Westlaw and 34 pages in length as printed in the Federal

8

are distinguishable on their facts. In particular, the *Myers* decision is distinguishable. As Defendant correctly points out, in *Myers*, Hetherington and Feldman represented that their hourly rates were $350 and $305, respectively, and that the hourly rate for their associate with seven years of experience (comparable to Hale) was $185.[9] This past September, the Hon. William M. Skretny approved those rates as "reasonable." *Myers*, 2016 WL 4642920 at *4. Nevertheless, Movants have explained that the fee award in *Myers* should not dictate what the reasonable hourly rates ought to be in this action, for several reasons. Preliminarily, Movants point out that regardless of what they asked for in *Myers*, they have submitted proof (Reixach's affidavit) that the rates they are currently requesting are "reasonable, [and even] a bit below market rates."[10] Further, Movants contend that they intentionally requested below-market rates in *Myers*, because they were relatively inexperienced in litigating Title IX discrimination cases; because the case was relatively simple; and because the defendant was a relatively small school district with a modest annual budget. Movants argue that they "should not be penalized in this case for seeking below-market rates in the *Myers* case."[11] The Court agrees, and therefore denies Defendant's objection.

The Court is aware that the rates that it is approving here are somewhat higher than have been approved by other Western District judges in certain cases. For example, in *Costa v. Sears Home Improvement Prods., Inc.*, 6:12-CV-6235 EAW, 212 F.Supp.3d 412 (W.D.N.Y. Sep. 22, 2016), Judge Wolford recently approved lower

---

Register.
 [9]*Myers*, 13-CV-342S, Docket No. [#29] at p. 11, ¶ 35.
 [10]Pl. Reply Memo [#55] at p. 1.
 [11]Pl. Reply Memo [#55] at p. 3. Movants further contends that the other cases cited by

hourly rates, stating:

> The hourly rates generally allowed in this District *for a case such as this* are in the range of $225-$250 for partner time or senior associate time, $150-$ 175 for junior associate time, and $75 for paralegal time. Indeed, while Defendants do not contest an award of $300 for senior partner time in this case, that rate is at the high end of what has typically been awarded in this District for similar types of cases.

*Id.*, 212 F. Supp. 3d at 420 (emphasis added; collecting cases). However, the Court does not believe that its ruling here is inconsistent with *Costa*, as there is little similarity between the two cases. To begin with, *Costa* involved a single claim of Title VII retaliation action that was "not particularly complex," *Id.* at 419 & 420, and Judge Wolford indicated that in setting a reasonable hourly rate, she looked primarily at other Title VII cases for guidance. *Id.* at 420, n. 5 ("[T]he most relevant authority are those cases dealing with reasonable hourly rates for plaintiff's attorneys in Title VII cases, or other similar employment discrimination or civil rights cases."). Further, the plaintiff's attorneys had no particular expertise in Title VII law, or, at least, did not typically handle such cases on behalf of plaintiffs. *Id.* at 420. Moreover, the plaintiff in *Costa* did not support her fee application with "any affidavits from attorneys within the community attesting to the reasonableness of the [requested] hourly rates." *Id.* at 418.

For all of the foregoing reasons, the Court approves the hourly rates requested by Movants. The Court also approves the total number of hours claimed by Movants. (Hale 668.2 hours; Hetherington 188.1 hours; Feldman 140 hours; DeJung 32.5 hours; Gallipeau 82.9 hours; Perkins 192.1 hours; and Somers 26.7 hours). As already discussed, Movants have submitted detailed time records, and Defendant has not

---

Defendant are either distinguishable or fail to support the point for which Defendant has cited them.

identified a single improper entry, nor does the Court find any. To the contrary, the Court notes, with approval, that Movants had Hale perform the bulk of the work on this action, since he was the attorney with the lowest billing rate, and only utilized the more-expensive attorneys when their particular expertise was required. Similarly, Movants have convincingly argued that they attempted to limit the number of hours spent on this action in various ways, such as by offering to settle the action on numerous occasions.

Defendant's objection to the number of hours billed, as discussed earlier, is speculative and insufficient to overcome the detailed affidavits submitted by Plaintiffs' counsel. Accordingly, the aspect of Defendant's response, which requests a 10% reduction in the number of hours billed, is denied.

## CONCLUSION

Plaintiffs' application [#52] for attorney's fees and costs is granted. Plaintiffs are awarded total fees and disbursements in the amount of $397,609.08.

So Ordered.

Dated:      Rochester, New York
             June 22, 2017

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge